UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| IN RE ROBERT BENTLEY MARLOW, ) <br> ) <br> Debtor ) <br> ) <br> ROBERT BENTLEY MARLOW, ) <br> ) <br> Plaintiff/Appellant, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> THE UNITED STATES DEPARTMENT ) <br> OF EDUCATION; SALLIE MAE, INC.; ) <br> THE UNIVERSITY OF TENNESSEE; and ) <br> EDUCATIONAL CREDIT MANAGEMENT ) <br> CORPORATION, ) <br> ) <br> Defendants/Appellees. ) | CIVIL ACTION NO. 3:13-24 <br><br> **MEMORANDUM OPINION** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Robert Bentley Marlow has a law degree but no Tennessee law license. He also has nearly $250,000 in student loans that he asserts he cannot pay. After filing for bankruptcy, he sought a discharge of his student loans under 11 U.S.C. § 523(a)(8). The bankruptcy court found the debt was not dischargeable and granted summary judgment in favor of the United States Department of Education, Sallie Mae, Inc., the University of Tennessee, and Educational Credit Management Corporation (collectively, the "Appellees"). In making this ruling, the bankruptcy court found that Marlow could not satisfy the three prerequisites for relief under 11 U.S.C. § 523(a)(8). The bankruptcy court found Marlow had not maximized his income nor made a good faith effort to repay his student loans to the Appellees. Additionally, the bankruptcy found no additional circumstance indicating that Marlow's state of financial affairs is likely to persist for a significant portion of the repayment period.

Proceeding *pro se*, Marlow now appeals the decision of the bankruptcy court. Marlow argues that the bankruptcy court erred in its findings of fact and conclusions of law and that the Court should vacate the bankruptcy court's memorandum and judgment and remand for further proceedings. The Court has carefully reviewed the parties' briefs in light of the entire record and controlling law. For the reasons set forth below, the decision of the bankruptcy court will be affirmed and Marlow's appeal dismissed.

I.

Marlow was 31 years old at the time of the bankruptcy proceedings. By that time, he had several degrees. He earned a bachelor's degree in philosophy from the University of Tennessee in December 2001 and an associate's degree in paralegal studies from Roane State Community College in May 2004. He also earned a law degree from the Cumberland School of Law at Samford University in May 2009 and a master's degree in social and political philosophy from the University of Tennessee in May 2010. He financed these two advanced degrees with subsidized and unsubsidized federally funded student loans as well as private student loan obligations from the Appellees. The total of all loans to all Appellees at the time of the bankruptcy proceedings was $247,877.93.

After law school, Marlow failed the Tennessee bar exam in the summer of 2009. He took the exam again in February 2010, and he passed. The Tennessee Board of Law Examiners, however, did not admit him to the Tennessee bar. On April 2, 2010, Marlow was notified by letter that his application for bar admission had been place under investigation for character and fitness concerns based on his prior citation for public intoxication and his sixteen motor vehicle citations. Then, on April 21, 2010, Marlow was arrested by the Knoxville City Police for public intoxication. The Board of Law Examiners issued a show cause order on May 18, 2010,

2

Case 3:13-cv-00024-KC-CCS   Document 10   Filed 07/11/13   Page 2 of 9   PageID #: 1176

directing Marlow to show why his application should not be denied on character and fitness grounds. Marlow responded, but upon the advice of his father and uncle, two Tennessee attorneys, he did not disclose his most recent arrest. By the time of Marlow's response, the Board of Law Examiners had received an anonymous tip about the recent arrest, and so it scheduled the first show cause hearing on the matter. Marlow appeared at this first hearing, and he explained that criminal charges from the April 20, 2010 arrest were ultimately dismissed. He rejected two monitoring agreements proposed by the Tennessee Lawyers Assistance Program, and he did not appear at a second show cause hearing because he was in Japan on a trip with his sister.

Ultimately, on June 27, 2011, the Board of Law Examiners determined Marlow should not be licensed to practice law in Tennessee. Marlow appealed the decision, and on February 12, 2012, the Tennessee Supreme Court affirmed the decision. Marlow has not sought admission to practice law in any other state, and he has no plans to do so. He has continued to appeal the licensing decision by filing a Petition for Writ of Certiorari with the United States Supreme Court, which was denied on October 1, 2012. Additionally, Marlow has pursued separate civil litigation against the Board of Law Examiners.

After receiving deferments in 2009 and 2010, Marlow made minimal payments to Sallie Mae, Inc.[1] He did not make payments on the other loans. He sought forbearance from the University of Tennessee in November 2010 and February 2011, and he requested forbearance concerning the loans now held by Educational Credit Management Corporation. Since receiving his law and master's degrees, Marlow has not had steady employment. His primary financial

---

[1] The bankruptcy court found that Marlow made three payments totaling $995.82, but Marlow argues that he actually made four payments totaling $1,483.11. The bankruptcy court specifically rejected that argument by finding that the document cited by Marlow did not support this assertion. Regardless, it is clear that the total and number of payments were minimal, and the bankruptcy's ultimate determination was based on more than either figure.

3

support has come from his father. Since April 2007, Marlow has held the position of co-founder and managing member of Dogwood Creek Investments, LLC, a real estate development company in Knoxville, Tennessee. Marlow estimates that he has earned $125.00 per month from Dogwood Creek Investments since September 2010. This is the final position listed on Marlow's resume, which mostly reflects Marlow's time as a student, and thus the six other entries from 2002 to 2009 are part-time or temporary positions and externships. Since law school, Marlow also has been self-employed: he has worked landscaping, construction, and various odd jobs, sold beverages outside Neyland Stadium during University of Tennessee football games in the fall of 2009 and 2010, and collected scrap metal and aluminum cans. In 2011, he earned income from payments on promissory note he issued on January 5, 2011.[2] In 2012, like in 2011, his limited income included gifts from family and friends.

Marlow voluntarily filed for Chapter 7 bankruptcy protection on August 29, 2011, primarily for relief from his student loan debt, as well as some credit card debt. At that time, he listed in his bankruptcy schedules a total unsecured debt of $260,453.36, of he which listed $223,542.00 owed to the Appellees for student loans. Marlow then sought to discharge his student loan debt pursuant to 11 U.S.C. § 523(a)(8). The bankruptcy court determined that this debt could not be discharged, and this appeal followed.

## II.

Marlow requests oral argument on his appeal. Federal Rule of Bankruptcy Procedure 8012 provides that oral arguments shall be allowed in all cases unless the district judge determines after examination of the briefs and record that oral argument is not needed. Oral argument "will not be allowed if … the facts and legal arguments are adequately presented in the

---

[2] The promissory note is dated January 5, 2011, in the original principal amount of $10,500.00 plus 15% interest. Marlow has stated the money was actually advanced in 2008.

briefs and record and the decisional process would not be significantly aided by oral argument." Fed. R. Bankr. P. 8012.

The request for oral argument is denied under Bankruptcy Rule 8012. The parties have filed extensive briefs in which they have fully covered all the issues and submitted record evidence in support of the parties' positions. The Court finds that the facts and legal arguments are adequately presented in the extensive briefs and the record, such that oral argument is unnecessary and would not significantly aid this Court in deciding Marlow's appeal.

### III.

As Marlow correctly notes, the bankruptcy court's findings of fact are subject to a clearly erroneous standard of review, Bankruptcy Rule 8013, and its conclusions of law are subject to a *de novo* standard of review. *Oyler v. Educ. Credit Mgmt. Corp. (In re Oyler)*, 397 F.3d 382, 384 (6th Cir. 2005). The Sixth Circuit Court of Appeals has stated that "[w]hether student loans pose an undue hardship is a legal question" for *de novo* review. *Id.*

Student loan debt may be discharged only when repayment "will impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8). The Sixth Circuit has adopted the *Brunner* test for undue hardship which requires a three-part showing:

> (1) that the debtor cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans;
>
> (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and
>
> (3) that the debtor has made good faith efforts to repay the loans.

*Tirch v. Pa. Higher Educ. Assistance Auth. (In re Tirch)*, 409 F.3d 677, 680 (6th Cir. 2005) (quoting *Brunner v. N.Y. State Higher Educ. Serv. Corp.,* 831 F.2d 395 (2d Cir.1987)); *Oyler,* 397 F.3d at 385. "If a plaintiff cannot satisfy even one of these criteria, then she is not entitled to

5

a finding of undue hardship." *Miller v. Pa. Higher Educ. Assistance Agency (In re Miller)*, No. 3:05-cv-38, 2005 WL 2127931, at *3 (E.D. Tenn. Aug. 31, 2005). Upon review of the record, the Court finds that the bankruptcy court correctly concluded that Marlow cannot meet his burden under all of the prongs of the *Brunner* test.

To satisfy the first prong, a debtor must show that he strives to minimize his expenses and maximize his income. *Tenn. Student Assistance Corp. v. Hornsby (In re Hornsby),* 144 F.3d 433, 438 (6th Cir.1998); *Dewey v. Sallie Mae, Inc. (In re Dewey)*, 381 B.R. 681, 687 (Bankr. W.D. Tenn. 2008). After reviewing the undisputed facts taken from Marlow's own discovery responses, and citing Marlow's own admissions, the bankruptcy court found that Marlow had minimized his expenses but failed to maximize his income. The bankruptcy emphasized that he admitted to performing only a "cursory look for jobs on several online jobs boards and found no jobs that match his credentials" since February 2012. This "cursory look" was the result of his choice to devote his time to *pro se* lawsuits against the Tennessee Supreme Court and its members, the Tennessee Board of Law Examiners and its members, the Tennessee Attorney General, the City of Knoxville, and the officer who arrested him. In addition, the bankruptcy court noted that Marlow had not sought to obtain a law license outside Tennessee nor had he sought employment outside of Knoxville, where he resides. Overall, the bankruptcy court found Marlow's pursuit of employment to be limited at best, and this Court agrees. Marlow's own discovery responses and admissions create a clear record showing a failure to maximize his income, and so he has failed to satisfy the first of the *Brunner* prongs.

The second prong of the *Brunner* test requires a debtor to show that additional circumstances exist indicating that the state of affairs that prevents him from repaying his student loans is likely to persist for a significant portion of the repayment period. The focus, therefore, is

6

on "permanency or, what can be termed, an involuntary inability to improve one's financial circumstances." *Storey v. Nat'l Enter. Sys. (In re Storey)*, 312 B.R. 867, 871 (Bankr. N.D. Ohio 2004). To meet this prong, Marlow must show "a certainty of hopelessness, not merely a present inability to fulfill financial commitment." *Tirch*, 409 F.3d at 681; *Oyler*, 397 F.3d at 386. The Sixth Circuit has explained that the additional circumstances "may include illness, disability, a lack of useable job skills, or the existence of a large number of dependents." *Oyler*, 397 F.3d at 386. Above all, the additional circumstances "must be beyond the debtor's control, not borne of free choice." *Id.*; *see also Barrett v. Educ. Credit Mgmt. Corp. (In re Barrett),* 487 F.3d 353, 358 (6th Cir. 2007).

In this case, Marlow is not suffering from any illness or disability, and he has no dependents. At the time of the bankruptcy proceedings, he was 31 years old. He is clearly well-educated. He has useable job skills, including his training as a paralegal. Here, Marlow offers the denial of his application for a Tennessee law license as an additional circumstance indicating his financial situation is likely to persist. The bankruptcy court held that this was not the type of circumstance required under *Brunner*, and this Court agrees. The denial of his application was the result of actions taken by Marlow, actions "borne of free choice." Marlow has not provided evidence that his lack of a law license makes him unemployable in any of his fields of expertise. "The Court, therefore, cannot say that [his] past will inevitably and ultimately result in a complete restriction, as opposed to a potential narrowing, of job opportunities in [his] profession." *Nixon v. Key Educ. Res. (In re Nixon)*, 453 B.R. 311, 332 (Bankr. S.D. Ohio 2011) (discussing a debtor whose degree was revoked for plagiarism). Moreover, the record is clear that Marlow has not sufficiently sought to maximize his income. The bankruptcy court examined this record in detail and concluded that Marlow has not presented evidence that he

7

Case 3:13-cv-00024-KC-CCS   Document 10   Filed 07/11/13   Page 7 of 9   PageID #: 1181

exhausted all reasonable efforts to obtain non-legal employment. Marlow's efforts actually were focused on his *pro se* litigation, not finding employment. Given the clearly supported facts, the existence of Marlow's financial circumstances do not evidence an undue hardship.

The third prong of the *Brunner* test requires a debtor to show that he has made good faith efforts to repay his student loans. In finding that Marlow had not attempted to repay his loans in good faith, the bankruptcy court considered factors drawn from *Hart v. Educ. Credit Mgmt. Corp. (In re Hart)*, 438 B.R. 406, 413 (E.D. Mich. 2010):

> (1) whether the failure to repay the student loan was due to circumstances beyond the debtor's reasonable control; (2) whether the debtor has used all available resources to repay the loan; (3) whether the debtor is using her best efforts to maximize her earnings potential; (4) how long after the loan was incurred did the debtor seek to discharge the debts; (5) what the overall percentage of the student loan debt is compared to debtor's overall debt; and (6) whether or not the debtor has gained tangible benefits of the student loan.

Here, the factors clearly support the bankruptcy court's determination. As discussed above, Marlow's failure to repay is not beyond his reasonable control. He has declined to apply for an income contingent repayment plan, so he has not used all available resources to repay the loans. Marlow has made almost no payments on his loans[3], turning to the bankruptcy court for relief just over a year after obtaining his fourth degree. Marlow's student loan debt comprises the majority (approximately 86%) of his overall debt, and he has received a tangible benefit from these student loans in the form of two advanced degrees.

Considering the record, especially the timing of his bankruptcy filing, his minimal payments, and his failure to seek income-based repayment plans, Marlow has failed to show he made a good faith effort to repay his loans. *See also Fields v. Sallie Mae Serv. Corp., et al. (In re Fields)*, 286 F. App'x 246, 251 ("Moreover, because Fields declined even to apply for [income contingent repayment] relief, she has failed to sustain the 'heavy burden' under *Tirch* of

---

[3] See *supra* note 1.

proving that she made a good faith effort to repay her loans."). The Court therefore agrees with the bankruptcy court that Marlow cannot meet the third prong of the *Brunner* test.

As discussed above, a debtor must meet all three *Brunner* prongs to be eligible for an undue hardship discharge of his student loans. This Court agrees with the bankruptcy court that there is no genuine dispute of material fact that would enable Marlow to meet his burden with respect to every *Brunner* prong, and thus summary judgment in favor of the Appellees was proper. Accordingly, the Court affirms the opinion of the bankruptcy court, and Appellant Robert Bentley Marlow's appeal will be dismissed.

An order reflecting this opinion will be entered.

This 11th day of July, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge